IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

MAR 13 2026

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

DANIEL BENJAMIN FLEISCHMAN,
Plaintiff,

)
)
)

v.

)
)
)

RON WALTON, in his individual capacity,
Defendant.

Civil Action No.
2:25-cv-01940-NR

## AMENDED COMPLAINT

*(42 U.S.C. § 1983 — First Amendment Interference with Right to Petition)*

Plaintiff Daniel Benjamin Fleischman, proceeding pro se, alleges as follows:

### I. NATURE OF THE ACTION

1.    This is a narrow civil-rights action under 42 U.S.C. § 1983 against one defendant only: Ron Walton, sued in his individual capacity.

2.    This case arises from Defendant Walton's use of the authority, appearance, and coercive force of his office as a Pennsylvania police chief to personally deliver a facially official Florida injunction paper at a private Pennsylvania residence.

3.    This case does not ask this Court to review, modify, dissolve, or invalidate any Florida domestic-relations judgment. The issue presented is whether a local police chief may personally lend the coercive force of his office to a private out-of-state paper campaign in a manner that burdens and chills protected petitioning activity.

### II. JURISDICTION AND VENUE

4.    This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

5.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

6.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Beaver County, Pennsylvania.

### III. PARTIES

7.    Plaintiff Daniel Benjamin Fleischman is an adult individual residing in Pittsburgh, Pennsylvania.

8.    Defendant Ron Walton was, at all times relevant, the Chief of Police for the New Brighton Borough Police Department in Beaver County, Pennsylvania.

9.    Defendant is sued in his individual capacity only.

### IV. FACTUAL ALLEGATIONS

10.     In 2025, injunction proceedings existed in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, involving papers styled Randall Richey v. Daniel B. Fleischman, including an "Order Extending Temporary Injunction for Protection and Notice of Hearing." A copy of the comparator Florida paper is attached as Exhibit A1 in the companion appendix.

11.     On its face, Exhibit A1 appears to be an official Florida court order. It includes a Florida circuit-court caption, case number 2025DR-006071-A000-BA, the case style naming Randall Richey and Daniel B. Fleischman, a title identifying it as an order extending a temporary injunction, a judicial signature block, and clerk certification language.

12.     Exhibit A1 further shows a hearing date and time, states that the temporary injunction remains in effect through a specified date, and appears to direct service through Polk County channels, all of which increase the paper's coercive appearance.

13.     On or about September 9, 2025, a paper materially identical in form and appearance to Exhibit A1 was personally dropped off at a private residence in Beaver County, Pennsylvania.

14.     In a contemporaneous text-message exchange dated September 9, 2025, Cheryl Bair identified the police chief who dropped off the paper as "Walton" when asked for the police chief's name, and she further stated that he did not leave a card. A screenshot of that exchange is attached as Exhibit B1 in the companion appendix.

15.     The text-message screenshot also includes a photograph of the dropped-off paper. The photographed paper materially matches Exhibit A1 in caption, case style, title, and official appearance.

16.     The dropped-off paper identified Plaintiff by name as the respondent in the Florida matter.

17.     The paper that Defendant Walton personally delivered appeared to be a facially official Florida court order, not a Pennsylvania order.

18.     On information and belief, before personally delivering the paper, Defendant Walton did not obtain any Pennsylvania court order authorizing service or enforcement of that Florida paper.

19.     On information and belief, Defendant Walton did not verify whether the paper was legally enforceable in Pennsylvania before personally delivering it.

20.     By personally delivering a facially official out-of-state injunction paper at a private residence while serving as the local chief of police, Defendant Walton gave the paper the prestige, credibility, and coercive appearance of government authority.

21.     A reasonable person receiving a facially official court order from the local chief of police at a private residence would understand the delivery as backed by law-enforcement authority.

22.     Defendant Walton's ability to lend that coercive force to the delivery was made possible only because he held the office of police chief.

23.     By personally delivering a facially official Florida injunction paper in Pennsylvania, Defendant Walton amplified private out-of-state legal pressure through the appearance and authority of his office.

24.     Defendant Walton's conduct burdened, intimidated, and interfered with Plaintiff's ongoing litigation-related petitioning activity by signaling that local law-enforcement power was being brought to bear in support of the Florida paper campaign.

25. The use of a police chief to personally deliver such a paper would deter a person of ordinary firmness from continuing protected petitioning activity free from intimidation and coercion.

26. As a direct and proximate result of Defendant Walton's conduct, Plaintiff suffered constitutional injury, intimidation, emotional distress, disruption, and interference with his right to pursue litigation and related petitioning activity without police-assisted pressure.

## V. COUNT I — 42 U.S.C. § 1983

27. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

28. The First Amendment protects Plaintiff's right to petition, litigate, and engage in litigation-related communications without unlawful government interference, intimidation, or retaliation.

29. Defendant Walton acted under color of state law because he used authority made possible only by virtue of his office as Chief of Police. His personal delivery of a facially official court paper at a private residence carried the coercive appearance of government authority and would reasonably be understood as law-enforcement-backed action.

30. Defendant Walton took adverse action against Plaintiff by personally advancing private out-of-state legal pressure and by lending the coercive force of his office to that pressure.

31. Defendant Walton's conduct would deter a person of ordinary firmness from continuing protected petitioning activity.

32. By personally delivering a facially official injunction paper without any apparent Pennsylvania judicial process reflected on the face of the paper, Defendant Walton arbitrarily used the authority and appearance of his office to interfere with Plaintiff's protected petitioning activity.

33. Defendant Walton thereby violated Plaintiff's rights under the First Amendment to the United States Constitution, as enforceable through 42 U.S.C. § 1983.

## VI. DAMAGES

34. Plaintiff suffered damages including intimidation, emotional distress, interference with protected activity, and other compensatory and nominal injuries to be proven at trial.

35. Because Defendant Walton's conduct was intentional, reckless, and undertaken with conscious disregard of Plaintiff's federal rights, punitive damages are warranted.

## VII. PRAYER FOR RELIEF

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that Defendant's conduct violated Plaintiff's rights under the First Amendment to the United States Constitution;

C. Award compensatory damages in an amount to be determined at trial;

D. Award nominal damages;

E. Award punitive damages against Defendant in his individual capacity;

F. Award costs and such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## IX. VERIFICATION

I, Daniel Benjamin Fleischman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in this action; that I have read the foregoing Amended Complaint; and that the factual allegations contained therein are true and correct to the best of my personal knowledge, information, and belief.

Executed on March 9, 2026, in Pittsburgh, Pennsylvania.

*[signature]*    March 9 2026

Daniel Benjamin Fleischman, Plaintiff, Pro Se
4885 McKnight Rd #123
Pittsburgh, PA 15237
724-462-5730
operationreunification@gmail.com